THE STATE OF OHIO, APPELLEE, *v.* HOWILER, APPELLANT.

(No. 10-216—Decided September 30, 1985.)

*John E. Shoop,* prosecuting attorney, and *Edward C. Powers,* for appellee.

*David H. Davies,* for appellant.

DAHLING, P.J. This is an appeal from the Lake County Court of Common Pleas wherein after a trial by jury, defendant Shirley Howiler was found guilty of aggravated vehicular homicide and leaving the scene of an accident. The defendant was subsequently sentenced to serve an indefinite term of from three to five years' imprisonment in the Ohio State Reformatory in Marysville, Ohio.

Defendant was originally indicted by the Lake County Grand Jury and charged with one violation of R.C. 2903.06, aggravated vehicular homicide, one violation of R.C. 2903.04, involuntary manslaughter, one violation of R.C. 4511.19, driving while intoxicated and one violation of R.C. 4549.02, leaving the scene of an accident. The jury did not reach a verdict as to the driving while under the influence charge. The charge of involuntary manslaughter was dismissed prior to trial.

On February 10, 1984, an eighteen-year-old female pedestrian was struck and killed by a motor vehicle driven by the defendant. The vehicle left the scene of the accident. The defendant was arrested the following day.

There were no eyewitnesses to the accident and the defendant did not testify at trial.

The defendant did not dispute the fact that she was driving the motor vehicle that struck and killed the victim or that she left the scene. The testimony at trial indicated that the defendant had consumed alcohol and drugs prior to the accident.

One witness where the accident occurred testified that she observed defendant travelling in excess of the twenty-

five mile per hour speed limit at approximately forty to forty-five miles per hour. Defendant, in her statement to the Lake County Sheriff's Department, indicated that she was travelling at approximately twenty-five to thirty miles per hour.

At trial, defendant's attorney requested the court to instruct the jury on vehicular homicide as a lesser included offense of aggravated vehicular homicide.

Defendant's counsel also urged the court to instruct the jury on duties of a pedestrian walking along the highway pursuant to R.C. 4511.50. Defense counsel urged this instruction in order that the jury better understand the proximate cause issue. The court denied these requests.

The court also overruled defendant's objection to certain photographs of the dead victim; specifically State's Exhibit 17 which showed the victim at the morgue; and State's Exhibits 1(D) and 1(E) which showed the dead body at the scene of the accident█

### Assignment of Error No. V

"V. The trial court erred to the prejudice of defendant by imposing a sentence contrary to law."

This court granted defendant leave to file a supplemental brief containing the fifth assignment of error. This assignment of error is with merit.

At the conclusion of trial, the jury found the defendant guilty of charges of aggravated vehicular homicide and leaving the scene of an accident.

The trial court sentenced defendant on two counts. For the aggravated vehicular homicide charge, which is a felony of the fourth degree, the court sentenced defendant to an indefinite term of three to five years.

In order to sentence the defendant on a felony four to an indefinite term, the indictment must contain certain specifications as set forth in R.C. 2941.143 which states:

"Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, or that the offender has previously been convicted of or pleaded guilty to an offense of violence. Such a specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

" 'SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence).'

"A certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove the prior conviction. If the indictment, count in an indictment, or information that charges a defendant with a third or fourth degree felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, deter-

mine the existence of the specification at the sentencing hearing."

Defendant's indictment for the aggravated vehicular homicide charge (count I) failed to include the R.C. 2941.143 specification. The indictment read as follows:

"THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of

"COUNT ONE

"the State of Ohio, do find and present that on or about the 10th day of February, 1984, at Painesville Township, Lake Co., Shirley M. Howiler did, while operating, or participating in the operation of, a motor vehicle, recklessly cause the death of Leah Ellen Supler, in violation of Section 2903.06 of the Ohio Revised Code. This offense constitutes a felony of the fourth degree."

In the absence of the R.C. 2941.143 specification, the trial court, when sentencing a defendant convicted of a felony of the fourth degree, must impose sentence pursuant to R.C. 2929.12(D)(2), which limits the sentencing to a term of six months or one year or eighteen months.

Appellate jurisdiction for an improper sentence imposed contrary to law is set forth in R.C. 2953.07 which states:

"* * * The [appellate] court may remand the accused for the sole purpose of correcting a sentence imposed contrary to law. * * *"

28 Ohio Jurisprudence 3d (1981) 170, Criminal Law, Section 1606, states in part:

"With respect to modification of criminal judgments a criminal appeal statute provides that the reviewing court may modify such judgments in accordance with the new trial statute, which prescribes that if the evidence shows the defendant to be not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified. * * *"

In conclusion, the defendant was convicted of a felony of the fourth degree. However, the indictment did not contain the enhancement specification contained in R.C. 2941.143.

Defendant was sentenced to an indefinite term of three to five years on the felony four conviction pursuant to R.C. 2929.11.

R.C. 2941.143 precludes imposition of an indefinite term pursuant to subdivision (B)(6) or (7) of R.C. 2929.11 if the indictment does not contain the specification or enhancement language expressly set forth in R.C. 2941.143.

This case is hereby remanded to the trial court to impose proper sentencing pursuant to R.C. 2929.12(D)(2).

The judgment of the trial court is reversed and the cause is remanded for resentencing.

*Judgment reversed and cause remanded.*

FORD and COOK, JJ., concur.